STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
www.FightForUrRights.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Nicasio Marcelino Vazquez

                            *Plaintiff*,

        -against-

Savory Deli & Grocery 1 Inc., Savory Deli & Grocery Inc. and Michael Colvin

                            *Defendants*.

----------------------------------------------------------X

**COMPLAINT**

**under 29 U.S.C. § 216(b)**

**ECF Case**

Nicasio Marcelino Vazquez, ("Plaintiff"), by and through his attorneys, Stillman Legal, P.C., upon their knowledge and belief, and as against Savory Deli & Grocery 1 Inc., Savory Deli & Grocery Inc. and Michael Colvin (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff is an employee of Defendants, employed to work as a delivery and janitor at the deli known as Savory Deli & Grocery in New York, New York.

2. The defendants own, operate, and/or controlled a deli, located in 1840 Amsterdam Ave New York, NY 10031.

3.  At all times relevant to this complaint, Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

4.  Defendant failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

5.  Plaintiff now brings this action, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7.  The venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operates their businesses in this district, and Plaintiff was employed by Defendant in this district.

## THE PARTIES

*Plaintiff Nicasio Marcelino Vazquez*

8.  Nicasio Marcelino Vazquez ("Plaintiff Vazquez") is an adult individual residing in New York, New York.

9. Plaintiff was employed by Defendants approximately (1) one year, from January 2022 until January 2th, 2023.

10. Plaintiff was hired to do deliveries but also cleaned the deli from Sunday through Friday for on or about (60) sixty hours per week.

11. Plaintiff earned $750 per week through all his employment with Defendants or $12.50 per hour. But Defendants failed to pay him the overtime required by the FLSA and NYLL.

*Defendants*

12. At all times, relevant to this complaint, Defendants owned, operated a deli known as Savory Deli & Grocery 1 Inc. and Savory Deli & Grocery Inc.

13. Defendant Michael Colvin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

14. Defendant Michael Colvin is sued in his individual capacity as, on information and belief, he is an owner, officer, and/or agent of Defendant Corporation.

15. Upon information and belief, Defendant Michael Colvin possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

16. Defendant Michael Colvin determined the wages and compensation of the employees of Defendant, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendant Constitute Joint Employers*

17. Defendant owned, operated, and/or controlled a deli named Savory Deli & Grocery in New York, New York.

18. Upon information and belief, individual Defendant Michael Colvin had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

19. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

20. Defendants possessed substantial control over Plaintiff (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

21. Defendants jointly employed Plaintiff, and all similarly situated individuals and is his (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

22. In the alternative, Defendants constitutes a single employer of Plaintiff and/or similarly situated individuals.

23. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law. The defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services.

24. In each year from 2017 to the present, Defendant, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Plaintiff Nicasio Marcelino Vazquez*

25. Plaintiff Vazquez has been employed by Defendants from on or about January 5th 2022 until January 2th 2023.

26. Plaintiff was hired to work to do deliveries and as a janitor in charge of cleaning.

27. Plaintiff worked with Defendants for about (1) one year.

28. His Schedule was from Sunday through Friday, from 6:00 A.M until 4:00 P.M. He worked in a deli, located in 1840 Amsterdam Ave New York, NY 10031.

29. Plaintiff typically worked (60) sixty hours per week, (10) ten hours per day.

30. Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

31. Plaintiff Vazquez was required to punch in or out.

32. Plaintiff Vazquez regularly worked more than 40 hours per week.

33. Plaintiff was being paid $12.50 per hour, $750 per week, all in cash.

34. Plaintiff was never paid overtime at the required time and a half premium pay.

35. No notification, either in the form of posted notices or other means, was given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

*Defendant' General Employment Practices*

36. Defendant's pay practices resulted in Plaintiff not receiving payments for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum wage and overtime wage rate.

37. Plaintiff has been a victim of Defendant's common policy and practices violating his rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

38. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

39. Defendant failed to provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendant' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

40. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) for overtime due, and (iii) for minimum wage.

41. Defendant did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked and setting forth rate of overtime wage.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. At all times relevant to this action, Defendant was Plaintiff employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

44. The defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation.

45. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

46. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

47. Plaintiff was damaged in an amount to be determined at trial.

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Defendant, in violation of the FLSA, failed to pay Plaintiff minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

50. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of Overtime Provisions of the New York Labor Law)**

52. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

53. Defendant, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

54. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(Violation of The Notice and Recordkeeping requirements of the
The New York Labor Law)**

55. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

56. Defendant failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular payday.

57. Defendant failed to provide Plaintiff with paychecks detailing his name, number of hours worked, deductions, etc.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendant' violation of the provisions of the FLSA was willful as to Plaintiff;

(c) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(d) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(e) Declaring that Defendant have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(f) Declaring that Defendant' violations of the New York Labor Law were willful as to Plaintiff;

(g) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

(h) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(i) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(j)  Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

(k)  All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 26, 2023

                                         Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*