

**VIA ECF**
Honorable Jennifer Rearden U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

*Re:*

Your Honor,

This firm represents Plaintiff Nicasio Marcelino Vasquez ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants, SAVORY DELI & GROCERY 1 INC., SAVORY DELI & GROCERY INC., MOHAMED SALEHAL ALSAIDI, AMIR AHMED MUSAED, jointly and severally ("RELEASEES" or "DEFENDANTS"), (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties") to request Court approval of his settlement agreement (the "Agreement"), annexed hereto as Exhibit A, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

This letter will provide support for the Parties' fair and reasonable settlement sum of ($14,000) Fourteen thousand dollars. It will also provide the Court with the required information regarding Plaintiff's attorneys' fees so that the Court can determine whether the requested award of $5,679.20 including costs and fees.

This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement that provides Plaintiff with a satisfactory recovery of his damages under applicable law. The Parties have determined that his interests are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. Thus, the settlement satisfactorily resolves the Parties' *bona fide* dispute.

The Agreement is the result of arms-length bargaining between the Parties and his counsel and reflects a desire to settle and compromise all of Plaintiff's claims asserted in this case, as outlined more specifically in the attached Agreement fully and finally.

For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

**Plaintiff's Allegations and Defendant's Responses**

On January 26, 2023, Plaintiff Nicasio Marcelino Vasquez represented by counsel, commenced a wage and hour lawsuit against Defendants (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NYLL.

Specifically, Plaintiff alleges that he worked doing deliveries for Defendants and that he worked over 60 hours without the appropriate overtime compensation. Plaintiff alleges that he consistently worked over 40 hours every week during his employment. On Plaintiff behalf, we calculated Plaintiff's total FLSA damages as $25,600.00 alleged unpaid wages including liquidated damages.

This is to set forth the Defendants' SAVORY DELI & GROCERY 1 INC., SAVORY DELI & GROCERY INC., MOHAMED SALEHAL ALSAIDI AND AMIR AHMAD MUSAED, position regarding settlement. Defendants contend that the dates of employment set forth in the Complaint are inaccurate. SAVORY DELI & GROCERY 1 INC. employed the Plaintiff between May 30, 2022 and January 2, 2023. Plaintiff's separation from employment involved a physical altercation with one o his co-workers.

Plaintiff was paid minimum wage and overtime wage and his tips. Time records were kept though not in full compliance with FLSA requirements. He was paid $15.00 an hour for the first 40 hours worked and full overtime of $22.50 and he received full tips. Plaintiffs was paid in cash. He generally worked as a delivery-man between 35 and 55 hours per week, Monday through Saturday depending on his attendance at work.

Additionally, Defendant MOHAMED SALEHAL ALSAIDI is wrongfully named in this lawsuit. He did not work for the corporate entity during Plaintiff's term of employment between May 30, 2022 and January 2, 2023. SAVORY DELI & GROCERY INC. is a defunct closed entity. Plaintiff was a former employee of Defendant SAVORY DELI & GROCERY 1 INC.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining and without resort to protracted litigation.

**I.     The Settlement is Fair and Reasonable**

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should

receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when he are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing his respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's length bargaining between experienced labor and employment counsel which was devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both Parties in this matter faced substantial risk in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff did not work over forty (40) hours his claims would be in jeopardy. In addition, Plaintiff faces the prospect of waiting many months, if not years, for the matter to proceed through trial. At this stage of the proceedings, Plaintiff is obtaining most of his recovery of his alleged FLSA unpaid wages without having to go through the time-consuming and risky process of litigating his claims.

Conversely, while Defendants are confident that he would be able to challenge Plaintiff's claims successfully, Defendants were mindful of the risk that Plaintiff may have prevailed on some claims and that even if Defendants were ultimately successful, it would have only occurred after protracted litigation and at a high cost. The litigation costs and risk of liability for Defendants, even if such risk is remote, weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

This Agreement was the product of legitimate bargaining between experienced labor and employment counsel devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of his client from the inception of this matter through negotiating the amount of the settlement to memorializing the terms of same.

Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims; however, through discovery and candid discussions between counsel, the Parties can assess the strengths and weaknesses of the asserted claims and their respective positions. See, e.g., Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 U.S. Dist. LEXIS 47637, at *12 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (citation and internal quotation marks omitted). Furthermore, since Defendants no longer employ Plaintiff, coercion is unlikely. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC, 2014 U.S. Dist. LEXIS 2111, at *2-3 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the Defendants, as is the case here") (citation and internal quotation marks omitted).

The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

Importantly, the Agreement reached by the Parties does not contain any prohibited clauses that Courts have found inappropriate for inclusion in FLSA settlements post-*Cheeks* – such as a confidentiality clause – and the release of claims set forth in the Agreement is limited to wage and hour claims only and is not a prohibited general release of claims.

After weighing the factors, the settlement should be allowed to proceed, as: (i) Plaintiff's alleged injuries will not recur as Plaintiff is no longer employed by Defendants; (ii) Defendants explicitly deny any wrongdoing; and (iii) continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335-36.

## II.   Plaintiff's Application for Attorney's Fees Should be Approved

Given Plaintiff's counsel's significant experience representing Plaintiff in New York in wage and hour litigation, Plaintiff obtained a fair result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

      a. Lina F. Stillman has been practicing law since 2012. From 2012 to 2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment, emphasizing wage and hour litigation.
She opened his law firm in response to the immigrant community's need for honest Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian, and Portuguese.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic and the New York Chapter of the National Employment Lawyers Association.

Plaintiff's counsel seeks an award of $5,679.20 consisting of a 33.33% plus costs. Plaintiff's counsel respectfully submits that such a fee award is well within the realm of acceptable fee awards for FLSA settlements.

## Conclusion

For all of the reasons above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement. Counsel represented Plaintiff throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on his client's approval. The Plaintiff's interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                       Respectfully submitted,
                                       /s/Lina Stillman

cc:     All counsel (*via* ECF)